"WRIGHT, J.,
delivered the opinion of the Court.
The decree of the Chancellor in this cause is affirmed.
There was no appeal from the decree upon the original bill, and that branch of the case is not before us, in any form, unless it be through the bill of review.
It is alone as to the bill of review that we are to consider the case; and we think the Chancellor acted very properly in dismissing it.
It was not filed for any errors of law apparent in the decree, but solely upon the ground of new matter, which, it was said, had arisen since the decree was made.
The new matter, as set forth in the bill of review, was this: that in the pleadings in the original cause it was conceded by all the parties, that the writing executed by Estell & Garner, to Curry McGreer, for the one-half of the two lots in Winchester, was only a title bond, and not a deed of convyanee; and that they retained the legal title, as a security for the payment of the purchase money due from him to them; and that this writing had been left with Mr. Erancis and lost, or mislaid, so that the same was not filed, or used on the trial of the original cause; and that the Chancel *130 lor’s decree had been pronounced upon the supposition that these statements in the pleadings, to-wit, that the ■writing was only a bond for title, were true. Whereas, as the bill of review alleged, since the trial and decree, Mr. Francis, in the examination of some old papers, had found the writing, and it turned out not to be a title bond, but a deed of bargain and sale, wherein no lien in behalf of Estell & Garner had been retained.
The writing is copied into the bill of review, and filed in the cause, and it still plainly appears that it is not a deed of conveyance, but only the memorandum of a contract between Estell & Garner, and McGreer, by which they became bound to make him a title to their moiety of the lot, the legal title being still retained in them.
That this is the legal effect of the instrument is not denied in argument here, and ' cannot be. Carnes v. Apperson & Co., 2 Sneed, 562.
This being so the bill of review, of necessity, failed, because, in point of fact, it contained no new matter; the pleadings and decree in the original cause embracing every fact contained within the bill of review.
But if this bill had been framed with a view to reach errors of law supposed to exist in the decree, or if the original cause were here by appeal, we think the equity of the case is against complainant, Cleveland. It is conceded in argument here by his counsel, that Estell & Garner retained the legal title to the half of the lots sold McGreer, as security for the purchase money, the legal effect of which was the same as a mortgage for that purpose. Graham v. McCampbell, Meigs’ Rep., 52. In fact, in the very note executed to Estell for *131 his moiety of the purchase money, by McGreer, and Edwin Martin and John Eitzpatrick as his securities, it is expressly stipulated that the property is to remain a security for the debt. It is also conceded that the assignment, of the note by Estell to Johnson, carried with it the benefit of the security; hut it is denied that Daniel Champion, though he obtained the note by assignment from Logan, had the benefit of the security, because Johnson did not, in writing, assign the note to Logan, but only by sale and delivery without assignment. There is nothing in this objection. A debt or chose in action may be assigned, for a valuable consideration, by parol, and whatever passes the debt will carry with it the security for its payment. No deed or writing is necessary. A sale and delivery of the note is enough. Craft v. Webster, 4 Rawle, 242; Prescott v. Hull, 17 Johns. Rep., 285; 5 N. H. Rep., 420; Hopson v. Hoge & Lester, 8 Yer., 153; Graham v. McCampbell, Meigs’ Rep., 57.
Nov do we think the position can be maintained, that the security, or mortgage, so to speak, upon the lot, was lost because Daniel Champion took a new note for the debt from the same parties, and extended the time of payment; because it is palpable, from the proof and the note, that the security upon the lots was continued and retained for the payment of the substituted note. At that time Cleveland had no interest in the property, and Estell & Garner were hut trustees holding the lots ' as a security for the debt due Champion, and they were not necessary parties to the extension of the debt. Meigs’ Rep., 57.
W. Champion, the creditor,, and McGreer, the owner *132 of the lots in equity, -with Martin and Eitzpatrick his sureties in , the debt, chose to extend it upon a new note, as a mode or means of payment, with an express stipulation that the security, or mortgage, should continue as before. Why should this not be done ? We confess we are unable to see why it may not.' If so, the security for the debt remained as effective as before, and Cleveland could not afterwards purchase the property of McGreer so as to defeat or impair this security, any more than if the extension had never been made. If we establish the existence and continuance of the security as between Champion and McGreer and his sureties, this settles the case against Cleveland.
He is not an innocent purchaser, because if it were shown (it is not) that he had paid McGreer for the property, still he has no legal title, that remaining in Estell ,& Garner. And his answer fails, in other respects, to entitle him to the benefit of this defence. 10 Yer., 335; 1 Meigs’ Dig., 244, 245.
It is argued that the substitution of the new note extinguished the debt, and the security, if it existed at all, was by contract, and not by law, and to be of any avail against Cleveland, should have been declared in writing and registered. But we have seen that the original security was never changed or given up, but expressly retained and continued upon the lots as before.
The case of Gorden v. Johnson, 5 Hum. 489, to which we hare been referred, differs from this case in this: that the proof showed the note had been paid by the bill, and there was, in that case, no express continuation of the debt and the secimty for its payment.
It follows that Martin, the surety, having paid the *133 debt, to entitled to the benefit of the security upon the lots for his indemnity. Uzzell v. Mack, 4 Hum. 319.
Affirm the decree.